UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re HOLOCAUST VICTIM ASSETS LITIGATION

In re Accounts of
Anna Marcus and Susanne Marcus
(Claim No. 202033/MD)
-----------------------------------------------------------------X

Docket No. 04-cv-3766 (ERK) (JO)

**AFFIDAVIT OF
LAWRENCE HAAKER**

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF SUFFOLK     )

Lawrence Haaker, being duly sworn, deposes and states under penalty of perjury:

1. I am Lawrence Haaker, one of the claimants herein and, as such, am fully familiar with the facts and circumstances of this matter. I submit this Affidavit on behalf of myself and my three (3) siblings, David Haaker, Lisa Haaker and Suzanne Haaker (collectively, the "Haaker Claimants"), in opposition to Claimant Olga Dufour's ("Dufour") position on the Court's April 16, 2010 Memorandum & Order Approving Set 195: Six Awards, 18 Award Amendments, Nine Administrative Revisions of Awards and Award Amendments, and 13 Letters Closing Claims Certified by the Claims Resolution Tribunal Pursuant to Article 31(2) of the Rules Governing the Claims Resolution Process and Authorizing Payment from the Settlement Fund, Docket No. 96-cv-4849, filed with the Clerk of the Eastern District on July 7, 2010, Document No. 4502 (the "2010 Order"), which approved the Claims Resolution Tribunal's ("CRT") Certified Amendment *in re Accounts of Anna Marcus and Susanne Marcus* in the amount of 172,931.38 Swiss Francs (the "Award Amendment").

2. In September 2005, the Haaker Claimants agreed to settle a dispute with Claimant Dufour, our aunt, over the CRT's Certified Award regarding the Accounts of Anna

Marcus and Susanne Marcus, dated April 24, 2003, in the amount of 5,305,314.60 Swiss Francs (the "Award"), which provided for one-third to be paid to Amy Furmansky ("Furmansky"), who is my maternal grandmother.

3. Pursuant to the "So Ordered" settlement dated September 23, 2005 (the "2005 Settlement"), the Haaker Claimants were to receive $405,000.00 and Claimant Dufour was to receive "the rest[.]" (See Chambers Decl., Ex. "3", at 3:18 - 4:3).

4. With respect to the $405,000.00 payment, nowhere in the 2005 Settlement does it say that this payment is a "one-time, fixed amount" and, in any event, we never understood that the payment would apply to any supplemental or additional monies that might be awarded by the CRT.

5. In fact, at the time that the parties entered into the 2005 Settlement, the Haaker Claimants (and I am sure Claimant Dufour as well) did not contemplate supplemental or amended sums being awarded by the CRT and, thus, any such sums should not be included in "the rest."

6. The 2005 Settlement does not say what "the rest" is, but the clear implication, and the common-sense understanding and assumption of myself and the other Haaker Claimants, is that "the rest" referred the balance of monies paid to Claimant Dufour pursuant to the initial Award after subtracting out the $405,000.00 paid to the Haaker Claimants pursuant to the settlement, i.e., $809,957.53.

7. Put simply, the Haaker Claimants would never have settled with Claimant Dufour for only $405,000.00 if we knew or had reason to believe that the CRT would make any supplemental or additional award payments.

2

8. With respect to the probate of Ms. Furmansky's Will, the Haaker Claimants never conceded its validity, but only agreed to withdraw our objections to probate as a condition of the 2005 Settlement.

9. The Haaker Claimants' agreement to withdraw our Will contest was no more a statement about the validity of the Will than Claimant Dufour's agreement to pay us $405,000.00 was a statement that she had committed fraud in obtaining the full Furmansky portion of the Award.

10. Based on the foregoing, the only thing that makes sense is that the Furmansky portion of the Award Amendment be divided proportionally.

11. Consistent with the principles of fairness and equity which are the hallmark of the Claims Resolution Process, we ask that the Haaker Claimants be awarded a share of the Award Amendment in the same proportion agreed to in the 2005 Settlement, as already directed by the CRT and this Court in the Award Amendment and 2010 Order, respectively.

12. I declare under penalty of perjury that the foregoing is true and correct.

_____
Lawrence Haaker

Sworn to before me this
28th day of August, 2012

_____
Notary Public
File: 1011-113.086

HEATH B. OLNOWICH
NOTARY PUBLIC - STATE OF NEW YORK
NO. 02OL6022997
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES APRIL 12, 20_1_

3