LAW OFFICES OF
# Markowitz & Rabbach LLP
290 Broadhollow Road
Suite 301
Melville, New York 11747

Telephone (631) 427-7888

WRITER'S DIRECT:
Telephone: Extension 208
E-Mail: HBO@mrlawfirm.com

**VIA: ECF**

November 8, 2012

Hon. James Orenstein, USMJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

RE: Case No. CV 04-3766 (ERK) (JO)
In re Holocaust Victim Assets Litigation
Accounts of Anna Marcus and Susanne Marcus
Claim No. 202033/MD

Dear Judge Orenstein:

This firm continues to represent Lawrence Haaker, David Haaker, Suzanne Perlroth and Lisa Goldberg (collectively, the "Haaker Claimants"). We are in receipt of the October 18, 2012 letter motion by Olga Dufour ("Dufour") for relief pursuant to FRCP 60(a) (the "Rule 60(a) Motion"), and now respond accordingly.

The Haaker Claimants' position, as laid out in their August 28, 2012 Memorandum of Law in Opposition to Claimant Olga Dufour's Position on the Court's April 16, 2010 Memorandum & Order (the "Haaker Memorandum", incorporated herein by reference), is that the clear intent of the Award Amendment and April 16, 2010 Order approving the same is to apply the terms of the parties' 2005 Settlement to the additional funds. As both the Award Amendment and April 16, 2010 Order direct that the Award Amendment be distributed "in the same proportion" as the 2005 Settlement, the Haaker Claimants believe that this identical directive in <u>both</u> documents is not erroneous, vague or ambiguous, but requires only a simple math calculation, which results in a proportion of 33.33% for the Haaker Claimants and 66.67% for Ms. Dufour for the Furmansky share of the Award Amendment. (See Haaker Mem., at 12-16).

Respectfully, counsel for Ms. Dufour is simply wrong that the Court has the ability to correct the reference to a "proportion" in the April 16, 2010 Order. To be sure, even assuming, <u>arguendo</u>, that the Court (and the CRT for that matter) did not mean what it said,

Hon. James Orenstein, USMJ
November 8, 2012
Page 2 of 4

reference to a "proportion" is not a "mistake[] . . . arising from oversight or omission[,]" Robert Lewis Rosen Assocs., Ltd. v. Webb, 473 F.3d 498, 504 (2d Cir. 2007), nor is it "inadvertently contained" in the April 16, 2010 Order, In re Marc Rich & Co. A.G., 739 F.2d 834, 835 (2d Cir.1984). Rather, not only was it a deliberate (i.e., intentional) insertion, if it is an error at all, it is one that would "alter the substantive rights of the parties" and, as such, is not correctable under Rule 60(a). Pietras v. Board of Fire Comm'rs, No. 94 Civ. 0673 (DRH), 2009 WL 1797135, at *7 (E.D.N.Y. June 24, 2009); see Cantone & Co., Inc. v. Seafrigo, No. 07 Civ. 6602 (PKL), 2010 WL 1488014, at *3 (S.D.N.Y. Apr. 12, 2010) (stating that a request to modify the substantive holding of an order, rather than to correct a clerical mistake, falls beyond the scope of Rule 60(a)).

To be sure, the purpose of Rule 60(a) is to correct mistakes to reflect the accurate intentions of the court, but not to charge errors in what a court has deliberately done. Pietras, 2009 WL 1797135, at *7; Peyser v. Searle Blatt & Co., Ltd., No. 99 Civ. 10785 (WK), 2003 WL 1610772, at *1 (S.D.N.Y. Mar. 24, 2003). "In deciding whether Rule 60(a) applies, courts distinguish between changes that implement the result intended by the court at the time the order was entered and changes that alter the original meaning to correct a legal or factual error, because Rule 60(a) allows for the former, but not the latter." Williams v. Breslin, No. 03 Civ. 1848 (RWS), 2004 WL 2368011, at *3 (S.D.N.Y. Oct. 20, 2004) (internal citations and quotation marks omitted). Irrespective of whether an error is clerical in nature or simply results from oversight or omission, to the extent that an order reflects the actual intent of the Court, it is not correctable under Rule 60(a). Paddington Partners v. Bouchard, 34 F.3d 1132, 1140 (2d Cir. 1994).

In the matter at bar, the difference in the parties' positions is the difference between the Haaker Claimants receiving or not receiving a portion of the Award Amendment. As such, it is beyond dispute that any correction or clarification of the April 16, 2010 Order that would result in distribution of the Furmansky share of the Award Amendment other than "in the same proportion" as the 2005 Settlement would alter the substantive rights of the parties at a most basic level and, as such, is not correctable under Rule 60(a). Moreover, lest there be any doubt as to the intentional reference to a "proportion," not only is such language used in the April 16, 2010 Order, but it is used in the Award Amendment issued by the CRT as well. (See Chambers Decl., Ex. "2", at 4).

Counsel for Ms. Dufour posits that the CRT's reference to a "proportion" in the Award Amendment was an oversight because it "did not have access to the Settlement Agreement when it issued the Award Amendment[.]" (See Rule 60(a) Motion, at 2). Even assuming, arguendo, that the CRT did not have access to the 2005 Settlement, it is the April 16, 2010 Order, and not the Award Amendment, which is the subject of this motion and the parties' dispute. Unlike the Award Amendment, the April 16, 2010 Order was rendered by Judge Korman, who indisputably had full knowledge of the 2005 Settlement and presided over its entry. Yet despite this critical fact, Judge Korman, with intimate knowledge of the 2005

Hon. James Orenstein, USMJ
November 8, 2012
Page 3 of 4

Settlement and full access to its terms, still <u>chose</u> to adopt the language used in the Award Amendment in crafting the April 16, 2010 Order. (See Chambers Decl., Ex. "1", at 5-6). Thus, inasmuch as Judge Korman had full knowledge of the facts and the 2005 Settlement, the argument Ms. Dufour lodges at the CRT's rendering of the Award Amendment has no application to Judge Korman's rendering of the April 16, 2010 Order. As such, it must be presumed that Judge Korman's reference to a "proportion" was intentional. That is, the April 16, 2010 Order reflects the actual intent of Judge Korman and, as such, any perceived error in the reference to a "proportion" is not correctable under Rule 60(a). <u>Paddington Partners</u>, 34 F.3d at 1140.

Ms. Dufour's next argument, that "the CRT may have mistakenly believed that the parties agreed to a proportional distribution in 2005 because the original award was proportionally divided between three branches of the family" (see Rule 60(a) Motion, at 2), is pure speculation and should be rejected out of hand. In any event, it is clear from the Award Amendment that the CRT realized that the 2005 Settlement resulted from the fact that "certain of the Claimants and/or represented parties contested the distribution of the award amount" (see Chambers Decl., Ex. "2", at 4), as opposed to all branches of the family. Moreover, the Award Amendment indicated that "the Court granted a motion to intervene on behalf of the account owners' heirs" (see Chambers Decl., Ex. "2", at 4) and the September 23, 2005 Order itself recited each of the Haaker Claimants by name (see Chambers Decl., Ex. "4"). Thus, the CRT was sufficiently familiar with the 2005 Settlement and, necessarily, the family members who were parties thereto (<u>i.e.</u>, the Haaker Claimants and Ms. Dufour). As such, with full knowledge that the Haaker Claimants were only part of the Furmansky branch of the family, the CRT must have been fully cognizant that the 2005 Settlement does not address the division of the Award among all entitled parties, contrary to Ms. Dufour's speculative conclusion. (See Rule 60(a) Motion, at 2).

As set forth previously and more fully in the Haaker Memorandum, the Award Amendment and April 16, 2010 Order are clear and unambiguous, and should be enforced according to their terms. Moreover, the only fair reading of the 2005 Settlement is that it was intended to be proportional in nature. As such, the Award Amendment should be distributed in the same proportion as the 2005 Settlement. (See Haaker Mem., at 12-16).

By altering the right of the Haaker Claimants to receive a share of available monies, any actual or perceived errors in the Award Amendment and April 16, 2010 Order are necessarily substantive in nature. As such, and for the foregoing reasons, the Haaker Claimants respectfully request that Ms. Dufour's motion pursuant to Rule 60(a) be denied in its entirety.

Respectfully submitted,

**Markowitz & Rabbach LLP**

Heath Olnowich

HO/wp
cc:   Michael Bradfield, Esq. (via ECF)
      *Special Master*

      Stuart E. Eizenstat, Esq. (via ECF)
      Damara L. Chambers, Esq. (via ECF)
      *Attorneys for Olga Dufour*

      Michael Pappe, Esq. (via ECF)
      *Attorney for Richard Marcus*

File: 1011-113.091